RECEIVED

MAY 1 9 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MOHAMMED AHMED HASSAN            CIVIL ACTION NO. 1:16-CV-00042
ABDALLAH OMRAN                   SECTION P

VERSUS                           CHIEF JUDGE DRELL

NICOLE ROY, et al.               MAGISTRATE JUDGE PEREZ-MONTES

---

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Mohammed Ahmed Hassan Abdallah Omran ("Omran") filed motions for temporary restraining order and a preliminary injunction (Docs. 29 & 34).  In his amended complaint filed on February 15, 2016 (Doc. 15), Omran alleges that Defendant Roy violated his Fourth and Fifth Amendment rights by conspiring with an "unnamed computer expert" and that he lost valuable and priceless digital information that was present on his computer hard drive.  Omran alleges that Defendants have conspired with the officials at Pine Prairie Correctional Center to deny him legal assistance and access to court, and that the officials have stopped taking him to the law library.

In his first motion, Omran asks the Court to order Defendants to stop trying to deport him until the conclusion of his civil action (Doc. 29).  Omran also asks the Court to order Defendants to provide him with legal assistance and with "adequate, effective, and meaningful" access to court (Docs. 29 & 34).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent

part, as follows:

> (b)(1) Issuing Without Notice.  The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

In order for Omran to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. See Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981).

In this case, Omran has failed to satisfy the above requirements. Omran has not alleged specific facts to show that irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition, or that there is a substantial threat of irreparable injury to him if his requested injunction is not granted.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Omran's request for a temporary restraining order and preliminary injunction be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana on this 19ᵗʰ day of May 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge