RECEIVED

MAR 2 0 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MOHAMMED AHMED HASSAN
ABDALLAH OMRAN

CIVIL ACTION NO.:  16-cv - 42

VERSUS

JUDGE DEE D. DRELL

NICOLE ROY, ET AL.

MAG. JUDGE PEREZ-MONTES

## RULING

Before the Court is the United States' Motion to Dismiss or in the Alternative, Motion for Summary Judgment filed filed on August 29, 2017. (Doc. 58).  The United States asserts three arguments in support of their motion: (1) the suit should be dismissed in its entirety for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6); (2) the court should grant summary judgment pursuant to Fed.R.Civ.P 56 as there is no genuine dispute of material fact that prior judgments have a preclusive effect on the matter; and (3) if the action is not dismissed, the complaints should be stricken pursuant to 28 U.S.C. §1915(g) as plaintiff is a "three strike" offender barred from proceeding *in forma pauperis* unless he claims he is in imminent danger or serious physical injury.

### Facts

On April 24, 2015, *pro se* plaintiff, Mohammed Ahmed Hassan Abdallah Omran, filed a complaint against Nicole Roy, the United States of America, and unknown defendants.  Omran v. United States, *et al.*, 1:15-cv-1418 (W.D.La.2015), aff'd (5th Cir.2016).  Omran, who was proceeding *in forma pauperis*, filed suit pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and/or the Federal Tort Claims Act (FTCA).  Omran alleged that on March 21, 2014, while in the custody of the United States Marshals Service pending

trial in a criminal matter, Deputy U.S. Marshal Nicole Roy allowed a computer expert to access Omran's computer, tamper with the hard drive and documents, and erase or delete all of the photographs.  Omran claimed that Roy and the unknown computer expert deprived him of his personal property without due process in violation of the constitution.

On June 9, 2015, United States Magistrate Judge Kirk issued a report and recommendation explaining Omran failed to state a due process claim under Bivens as he failed to pursue the "adequate post-deprivation remedies available to him through the Bureau of Prisons ("BOP") administrative remedy process."  Magistrate Judge Kirk further explained that pursuant to 28 U.S.C. §2680(c), Omran's Federal Tort Claims Act ("FTCA") claims failed for lack of jurisdiction. "[T]he FTCA exempts certain claims, including '[a]ny claim arising in respect to the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by an officer of customs or excise or any other law enforcement officer.'" (Doc. 5).

On July 8, 2015, the undersigned adopted the report and recommendation and ordered Omran's Biven's claim denied and dismissed with prejudice as frivolous for failing to state a claim for which relief could be granted pursuant to 28 U.S.C. §1915(e)(2)(B) and §1915A, and Omran's FTCA claim dismissed for lack of jurisdiction.  (Doc. 8).  The matter was appealed to the United States District Court of Appeals for the Fifth Circuit (No.15-30633) which dismissed the appeal as frivolous and found Omran "barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger or serious physical injury. §1915(g)."  Omran was also warned by the Fifth Circuit that sanctions might be imposed in response to future frivolous filings." (Doc. 17).

On or about January 29, 2015, also acting *pro se*, Omran filed a "Civil Complaint" in the 9th Judicial District Court, Parish of Rapides, State of Louisiana, bearing Docket Number

2

253,276G.  Omran filed his complaint alleging the same defendants, Nicole Roy and an unknown computer expert, were liable for damages resulting from an illegal search and seizure of his personal computer.  Omran claimed that on March 21, 2014, while he was in the custody of the United States Marshal at the United States District courthouse in Alexandria, Louisiana, the defendants "accessed the plaintiff's computer and tampered with the contents of the computer, and altered the hard drive.  [Omran] lost valuable private information, personal journals and family photos and other priceless personal data." (Doc. 1-1).

On January 1, 2016, the United States timely removed the suit to this court.  Omran filed an amended complaint approximately a month later naming Stephanie Finley, Scott Sutterfield[1], and the United States as additional defendants. (Doc. 15).  Omran has also asserted additional factual allegations regarding his arrest by Immigration and Customs Enforcement ("ICE") agents on August 30, 2012; a warrantless search and seizure of his home in Massachusetts on September 24, 2012; and a conspiracy between Scott Sutherland, a local field office director with ICE in Oakdale, Louisiana, and U.S. Attorney Stephanie Finley to have plaintiff prosecuted for "Failure to Depart" for the sole purpose of accessing his computer.[2]  However, Omran's claims and causes of action remained focus solely to the events of March 21, 2014 involving the alleged tampering of his computer hard drive and the loss of files and photographs stored therein.  The issues he has raised or attempted to raise in numerous, unsuccessful, prior judicial proceedings.

---

[1] In the amended complaint, Omran refers to "Sean Sutherland" but later amends to correct the name to Scott Sutherland.

[2] The allegations regarding his arrest by ICA agents and the allegedly warrantless search and seizure of his home have no bearing on the claims asserted in this suit.  Even if they did, the court would deem them barred by *res judicata* (and statute of limitations) as they were previously asserted in <u>Omran v. United States of America, et al.</u>, 14-cv-13881 (D.Mass 2014) which was dismissed for lack of jurisdiction under the FTCA, failure to state a claim under the FTCA and failure to state a claim under <u>Bivens.</u>

Analysis

The United States is correct that this lawsuit is barred by the doctrine of *res judicata*. "Under re*s judicata*, a final judgment on the merits of an action precludes the parties or their prvies from re –litigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980), citing Cromwell v. County of Sac, 94 U.S. 351, 352 (1876). *Res judicata* 'has four elements: (1) the parties are identical or in privity[3]; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.'" Houston Professional Towing Ass'n v. City of Houston, 812 F.3d 443, 447 (5th Cir.2016), quoting Comer v. Murphy Oil USA, Inc., 718 F.3d 460, 467 (quoting Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559, 571 (5th Cir.2005).

Omran's suit filed in this court on April 24, 2015 named Nicole Roy, the United States and an unknown defendant (the computer expert). Though he did not name Stephanie Finley and Scott Sutterfield as defendants in that suit, we find they are in privity with the aforementioned defendants. Finley, as the United States Attorney for the Western District of Louisiana, and Sutherland, as an ICE agent, are employees of the United States. Omran's conspiracy claims arise directly out of and seek damages for the alleged computer tampering and loss of stored information that occurred on March 21, 2014. Finley's and Sutherland's interests were adequately represented by the United States in the previous action.[4]

---

[3] "Privity is nothing more than a 'legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion.'" Southwest Airlines Co. v. Texas Int'l Airlines, Inc., 546 F.2d 84, 95 (5th Cir.), *cert denied,* 434 U.S. 842 (1977):" [P]rivity is not a requirement we can satisfy through inquiry; rather the existence of 'privity' is the inquiry satisfied. In short, parties which are sufficiently related to merit the application of claim preclusion are in privity." Russell v. SunAmerica Securities, Inc., 962 F.2d 1169 (5th Cir.1992).

[4] Even if privity did not exist, Omran's allegation that Finley and Sutterfield conspired to have him prosecuted solely to allow access to his computer lacks merit. There is no constitutional right against being prosecuted (particularly

The arguments asserted by Omran that the claims in this lawsuit are different and should not be dismissed lack merit. *Res judicata* bars all claims that were or could have been advanced in support of the causes of action on the occasion of its former adjudication, not merely those that were adjudicated. Vines v. Univ. of Louisiana at Monroe, 398 F.3d 700, 709 (5th Cir.), *cert. denied*, 546 U.S. 1089 (2006). Omran's intent to bring this case under Louisiana state law is of no consequence. The alleged state law claims arise out of the same operative facts alleged in prior litigation: While he was in U.S. Marshal custody on March 21, 2014, his computer was seized, tampered with and altered causing him to lose files stored therein. As such, this court would have had supplemental jurisdiction over the state law claims, even if any were viable. See 28 U.S.C. §1367(a). Thus, *res judicata* operates to bar Omran from bringing his state law claims now.

Finally, Omran's argument that he sued defendants in their official capacities in the previous suit is misplaced. Omran, by failing to specify, implicitly sued Roy and the unnamed computer expert in their official and individual capacities. Thus, there is no distinction for purposes of *res judicata*. Accordingly, as Omran has failed to distinguish the instant suit from previous actions, the matter should be dismissed.

Even if the instant suit was not barred by *res judicata*, at a minimum, all of the complaints would be striken for failing to follow the proper procedures as a "three strikes" offender. However, the more likely scenario would be dismissal of the lawsuit as a sanction for willfully circumventing the payment of filing fees and filing the same frivolous lawsuit. Omran is no stranger to the United States District Courts. He is aware of his status as a "three strikes" offender and his inability to proceed IFP. He is also aware that the lawsuit he filed in the 9th Judicial District Court frivolous

---

where the defendant was found guilty for that crime); therefore, the claim could be dismissed for failure to state a constitutionally cognizable claim under Bivens. Moreover, Finley has absolute immunity for any actions taken within the scope of her prosecutorial duties. See Imbler v. Pachtman, 424 U.S. 409 (1976).

as it was previously deemed so.  Nevertheless, Omran filed it knowing it would be removed to this court as the named defendant was a United States employee.

Conclusion

For the foregoing reasons, we find Omran's complaint lacks an arguable basis in law and is frivolous.  The court will issue a judgment in conformity with these findings.  This ruling will also be forwarded to the keeper of the three-strikes list.

Alexandria, Louisiana
March 20th, 2017

                                    **DEE D. DRELL, CHIEF JUDGE**
                               **UNITED STATES DISTRICT COURT**