RECEIVED

JUN 2 8 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| **MOHAMMED AHMED HASSAN ABDALLAH OMRAN** | **CIVIL ACTION NO.: 16-cv-00042** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **NICOLE ROY, ET AL.** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING

Before the court is Plaintiff's "Second Motion to Reconsider the Court Ruling Granting the Defendants' Motion to Dismiss" (Doc. 107). Chief among plaintiff's assertions is that this court mistakenly found the newly added parties, Stephanie Finley and Scott Sutterfield, enjoyed privity with the defendants named in the prior lawsuits.

The Fifth Circuit has long held that privity of interest exists in the following, narrowly defined circumstances: "(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." Meza v. Gen. Battery Corp., 908 F.2d 1262, 1266 (5th Cir.1990). It is obvious that the first two circumstances do not exist in this case; thus, for privity to exist, the court must find the defendants in the prior lawsuit adequately represented Finley's and Sutterfield's interests in the prior litigation.

Omran sued Finley and Sutterfield in their personal and official capacities. The Fifth Circuit found in Warnock v. Pecos Cnty., 116 F.3d 776 (5th Cir.1997) that "[r]es judicata d[id] not apply when the parties appear[ed] in one action in a representative capacity and in a subsequent action in an individual capacity." Id. at 778 (quoting Howell v. Hydrocarbons, Inc. v. Adams, 897

F.2d 183, 188 (5th Cir.1990)).  Having reviewed the prior cases and the relationships again, we do not find that privity existed between the prior defendants and Finley and/or Sutterfield for actions undertaken in their personal capacities.  Accordingly, the court reverses its finding that the claims asserted against Finley and Sutterfield in their personal capacities are precluded pursuant to the doctrine of *res judicata*.

Nevertheless, these claims are not reinstituted.  As explained in this court's prior ruling, Omran failed to follow the proper procedures for a "three strikes" offender.  Accordingly, the claims shall be striken and dismissed without prejudice.  Should Omran decide to follow the proper procedures, he may assert the personal capacity claims against Finley and Sutterfield.  However, he is cautioned that he shall not reassert any other claims against all other defendants as those claims are still precluded.  The court also notes that Omran should not infer that the court's ruling indicates a favorable ruling on these claims in the future.  The claims and their merit claims have not and will not be considered unless and until Omran complies with the "three strikes" filing procedures.

The court will issue an amended judgment in conformity with these findings.

**SIGNED** this 26 day of June, 2017, at Alexandria, Louisiana.


**DEE D. DRELL, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**