U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 26 2017

TONY R. MOORE CLERK
BY _____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MOHAMMED AHMED HASSAN ABDALLAH OMRAN | CIVIL ACTION 1:16-CV-00042 |
| VERSUS | CHIEF JUDGE DRELL |
| NICOLE ROY, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Plaintiff Mohammed Ahmed Hassan Abdallah Omran ("Omran") filed a Motion to Vacate Order on Motion for Reconsideration (Doc. 114), asking the District Court to vacate its judgment of March 20, 2017 that, on reconsideration, dismissed all of Omran's claims against Defendants pursuant to the "three strikes" provision (Docs. 84, 108). Omran contends he is not a "prisoner" as defined in the Prison Litigation Reform Act, so § 1915 is not applicable to him.[1] Omran is a detainee of the United States Immigration and Customs Enforcement and, therefore, he asks that the order dismissing his claims against Defendants pursuant to the three-strikes provision of § 1915 (Docs. 83, 84, 108) be vacated. Omran appealed that judgment to

---

[1] Section 1915 does not apply to alien detainees because they are not prisoners within the meaning of § 1915(h). See Maringo v. McGuirk, 268 Fed. Appx. 309, *1 (5th Cir. 2008). Thus, the "three strikes" rule does not apply to detainees. However, sanctions do not apply only to prisoners. Courts may impose sanctions and enjoin vexatious filings. Farguson v. MBank Houston, N.A., 808 F.2d 358, 359-60 (5th Cir. 1986). The Fifth Circuit may impose sanctions on appeal, if necessary, if a litigant is filing frivolous appeals. Maringo, 268 Fed. Appx. at *2 (citing Farguson, 808 F.2d at 360).

In any event, the Fifth Circuit held in this case, before the District Court reconsidered its judgment, that Omran is barred from filing *in forma pauperis* while he is incarcerated or detained in any facility (Doc. 101).

the United States Court of Appeal for the Fifth Circuit, and his appeal is pending (Docs. 89, 98, 112).

I.     Law and Analysis

"It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal." Alice L. v. Dusek, 492 F.3d 563, 564 (5th Cir. 2007) (citing Taylor v. Sterrett, 640 F.2d 663, 667-68 (5th Cir. 1981); see also Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Accordingly, the District Court is divested of jurisdiction to vacate its judgment. Omran's Motion to Vacate the Court's Order on Motion for Reconsideration (Doc. 114) should be denied.

II.    Conclusion

Based on the foregoing, IT IS RECOMMENDED that Omran's Motion to Vacate the Court's Order on Motion for Reconsideration (Doc. 114) should be DENIED for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such

as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 26th day of September, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge